IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT BALL,**

           Plaintiff,                          No. 3:12-cv-01508-MO

       v.                               OPINION AND ORDER

**HILLSBORO MUNICIPAL COURT and**
**OREGON DMV,**

           Defendants.

**MOSMAN, J.**,

      Defendant Hillsboro Municipal Court seeks summary judgment [19] on the two claims

brought by pro se plaintiff Robert Ball. Mr. Ball responded [25]. Hillsboro Municipal Court did

not reply. I grant Hillsboro Municipal Court's motion for summary judgment for the following

reasons.

## BACKGROUND

      On January 12, 2011, Robert Ball was issued a traffic citation (#144250) for failure to use

lights under Or. Rev. Stat. § 811.520. (Def.'s Decl. in Supp. [20-1] at 1.) Mr. Ball appeared in

Hillsboro Municipal Court and entered a plea of not guilty. (Def.'s Decl. in Supp. [20] at ¶ 2.) In

a trial by affidavit, Mr. Ball requested admittance to traffic school in lieu of a violation. (Def.'s

1 – OPINION AND ORDER

Decl. in Supp. [20-1] at 7–12.) Judge David M. Veverka denied Mr. Ball's request because Mr. Ball did not qualify for the program. (*Id.* [20-1] at 6; Def.'s Decl. in Supp. [20] at ¶ 5.) Subsequently, Mr. Ball was found guilty and ordered to pay a fine. (*Id.* [20-1] at 3.)

On June 27, 2012, Mr. Ball was issued a second citation (#155839) for failure to carry insurance under Or. Rev. Stat. § 806.012. (*Id.* [20-1] at 14.) Mr. Ball appeared before Judge Veverka and pled not guilty. (Def.'s Decl. in Supp. [20] at ¶ 8.) Judge Veverka found Mr. Ball guilty and ordered him to pay a fine. (*Id.* [20].) Mr. Ball did not request traffic school prior to or during his trial. (*Id.* [20] at ¶ 10.)

Hillsboro Municipal Court offers traffic school to drivers who receive traffic citations in limited circumstances. (*Id.* [20] at ¶ 6.) Traffic school is only offered to drivers between the ages of fifteen and eighteen. (*Id.* [20].) Mr. Ball, at the time of filing his complaint, was fifty-nine years-old. (Compl. [2] at 4.) The traffic school's other eligibility requirements are not at issue.

## LEGAL STANDARD

A motion for summary judgment is a procedure which terminates, without a trial, actions in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Crawford-El v. Britton*, 523 U.S. 574, 600 n. 22 (1998).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party.'" *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party may not rest on

conclusory allegations, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), but must present "significant probative evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)). Such evidence must demonstrate "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The court must view the evidence in the light most favorable to the nonmoving party, as well as draw all reasonable inferences in the light most favorable to the nonmoving party. *See id* at 255. Furthermore, the court construes pro se pleadings liberally and affords pro se plaintiffs the benefit of any doubt. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Mr. Ball alleges two counts of discrimination against Hillsboro Municipal Court for denying individuals, age forty and older, access to traffic school. (Compl. [2] at 5–6.) The first count concerns his first traffic citation (#144250). (*Id.* [2] at 5.) The second count concerns his second traffic citation (#155839). (*Id.* [2] at 6.)

Mr. Ball's reference to "age discrimination over/under 40 [years old]" leads me to conclude that he is trying to allege claims pursuant to the Age Discrimination in Employment Act. (*Id.*[2] at 5.) The Age Discrimination in Employment Act is not applicable, however, because Hillsboro Municipal Court was not Mr. Ball's employer at the time of the alleged discrimination. *See* 29 U.S.C. § 623(a); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66 (2000).

Construing his allegations liberally, I find that for each count there are three potential claims. First, an equal protection claim based on the traffic school's age restriction. Second, a class-of-one equal protection claim alleging he was intentionally discriminated and there was no rational basis for the discrimination. Third, a claim that Hillsboro Municipal Court is liable under

§ 1983 because Hillsboro Municipal Court deprived him of his Fourteenth Amendment rights.

## I.   Equal Protection Clause

In his first claim for relief for count one (#144250) and count two (#155839), Mr. Ball asserts that Hillsboro Municipal Court has infringed on his equal protection rights by discriminating against an "over 40" age class. (Compl. [2] at 3.) Hillsboro Municipal Court contends that no fundamental right or suspect class is implicated and it had a rational basis for restricting traffic school to fifteen to eighteen year-olds. (Def.'s Mem. in Supp. [22] at 5–8.) In response, Mr. Ball argues that Hillsboro Municipal Court's rational basis fails because people issued traffic violations should be treated similarly. (Pl.'s Resp. Mem. [25] at 2.) I agree with Hillsboro Municipal Court that rational basis is the proper scrutiny to apply and the age restriction passes constitutional muster for both counts.

As a practical matter, Mr. Ball argues that he should have been entitled to enroll in traffic school because he finds it difficult to pay the fines associated with both traffic citations. But the cost of traffic school was generally comparable to the traffic citation fines. In the first count (#144250), the cost for attending traffic school was $100.00. (Def.'s Decl. in Supp. [20] at ¶ 6.) Mr. Ball was ordered to pay a fine of $142.00. (Def.'s Decl. in Supp. [20-1] at 3.) In the second count (#155839), the cost for attending traffic school was $175.00. (Def.'s Decl. in Supp. [20] at ¶ 8.) Mr. Ball was ordered to pay a fine of $130.00. (*Id.* [20].) Nevertheless, this practical matter is inconsequential to Mr. Ball's equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides in part: ". . . nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The court is required to apply strict scrutiny to an equal protection analysis when a state action "impermissibly

interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). If a fundamental right or suspect class is not implicated, the classification is subject to rational basis review. *See Heller v. Doe*, 509 U.S. 312, 319 (1993). Under rational basis, the classification "is accorded a strong presumption of validity" and must be upheld "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Id.* at 319–20. Moreover, the government "has no obligation to produce evidence to sustain the rationality of [the] classification." *Id.* at 320. Additionally, a classification will only fail rational basis review when it "rests on grounds wholly irrelevant to the achievement of the State's objective." *McGowan v. Maryland,* 366 U.S. 420, 425 (1961).

Here, strict scrutiny does not apply because Hillsboro Municipal Court's age restriction does not interfere with a fundamental right, nor does it discriminate against a suspect class. There is no fundamental right to attend traffic school in lieu of paying a fine for a traffic citation. Furthermore, Mr. Ball's alleged over forty age class is not a protected suspect class. The Supreme Court has held that age is not a suspect class under the Equal Protection Clause. *See Murgia*, 427 U.S. at 313–14. Therefore, the proper scrutiny to analyze Mr. Ball's alleged equal protection claim is rational basis.

Hillsboro Municipal Court asserts that the age restriction must be upheld because it is rationally related to the government's interest in young drivers. The purpose of traffic school is to afford "young, new drivers" an opportunity to "learn from their mistakes, while simultaneously keeping their driving records clean and presumably, their parents' insurance rates from rising." (Def.'s Mem. in Supp. [22] at 7.) Hillsboro Municipal Court contends that the age restriction is rationally related to the government's interest in young drivers, as follows: (1)

Oregon law holds drivers under the age of eighteen to a different standard than adult drivers; (2) adult drivers "are typically more experienced" and do "not have as much to learn from" traffic school; (3) "warnings or diversion options lack the deterrent value of a violation" for adult drivers; and (4) the program is administered by a separate entity that does not allow adult drivers to enroll in the program. (*Id.* [22] at 7–8.)

I agree with Hillsboro Municipal Court that, given those conceivable reasons, there is a rational basis for treating adult drivers differently than young drivers. A classification, such as this one, "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Additionally, rational basis does not fail simply "because in practice it results in some inequality" to adult drivers. *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78 (1911).

What is more, Mr. Ball's response fails to meet his burden to negate Hillsboro Municipal Court's rational basis and to create a triable issue of fact. Mr. Ball challenges the rational basis arguing that (1) the different standards are irrelevant because any driver can be in a car accident; (2) a "traffic infraction is a traffic infraction;" and (3) traffic school is "more effective at encouraging safe driving" than paying a fee. (Pl.'s Resp. Mem. [25] at 2–3.)

Mr. Ball's assertions, however, do not demonstrate how the rational basis is irrelevant to the government's interest in young drivers. Rather, he stresses the unfairness of limiting traffic school to young adults. Mr. Ball contends that adult drivers should be allowed to participate because they also "make mistakes." (Pl.'s Resp. Mem. [25] at 2–3.) In addition, he references an adult traffic school administered by Troutdale. (*Id.* [25] at 3.) The equal protection clause, however, "is not a license for courts to judge the wisdom, fairness, or logic" of classification,

established by the government. *Beach Commc'ns, Inc.*, 508 U.S. at 313.

Last, Mr. Ball has failed to create a triable issue of fact because he has not presented any significant probative evidence to support his arguments. Mr. Ball's response merely relies on conclusory arguments and assertions. *See Taylor*, 880 F.2d at 1045 (the nonmoving party may not rest on conclusory allegations); *Anderson*, 477 U.S. at 249 (on summary judgment the nonmoving party must present significant probative evidence).

Therefore, Hillsboro Municipal Court is entitled to judgment as a matter of law on both counts under Mr. Ball's equal protection claim because Mr. Ball failed to create a genuine issue of material fact and the classification survives rational basis review.

## II.   <u>Class-of-One Claim</u>

As I construe pro se plaintiff's claims liberally, I also construe Mr. Ball's complaint as stating a class-of-one claim for both counts. Therefore, Mr. Ball asserts Hillsboro Municipal Court violated his right to equal protection when he was denied traffic school while other similarly situated drivers were permitted to enroll in traffic school. (Compl. [2] at 3.) Hillsboro Municipal Court contends that its "traffic court policy is rationally related to the legitimate government interest in helping young, inexperienced drivers and [Mr. Ball] can present no evidence his motivation is simply a pretext." (Def.'s Mem. in Supp. [22] at 10.) For the reasons discussed below, I conclude as a matter of law that Hillsboro Municipal Court is entitled to summary judgment on Mr. Ball's class-of-one claim.

The Supreme Court has recognized the viability of equal-protection claims based on a "class of one" theory. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Under a class-of-one theory the plaintiff need not allege any "membership in a class or group." *Id.* To state a claim under this theory, the plaintiff must show he "has been intentionally treated

differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

### A.  Similarly Situated

The Equal Protection Clause does not forbid classifications. But it does keep governmental decisionmakers from treating differently persons who are "in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). "Evidence of different treatment of unlike groups does not support an equal protection claim." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).

In the case at bar, Mr. Ball alleges he was treated differently than other drivers who received traffic citations. (Compl. [2] at 3–4.) There is an important distinction, however, between Mr. Ball and the other drivers. Mr. Ball is fifty-nine years old. The drivers who are offered traffic school are between fifteen and eighteen years old. Therefore, Mr. Ball is not similarly situated "in all relevant respects" to the other drivers because of the disparity in age.

Even viewing the facts in a light most favorable to Mr. Ball, without a similarly situated class, there is no constitutional violation of either count for Mr. Ball's class-of-one claim.

### B.  Rational Basis

Disparate government treatment will survive rational basis scrutiny "as long as it bears a rational relation to a legitimate state interest." *Patel v. Penman*, 103 F.3d 868, 875 (9th Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997). Where the defendant asserts a rational basis for such treatment, the plaintiff may rebut the proffered basis as pretextual. In the Ninth Circuit, "it is clearly established that a plaintiff may pursue an equal protection claim by raising a 'triable issue of fact as to whether the defendants' asserted [rational basis] . . . was merely a pretext' for differential treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 945–46 (9th Cir.

2004), *overruled on other grounds*, *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007) (quoting *Armendariz v. Penman*, 75 F.3d 1311, 1327 (9th Cir. 1996)). Thus, a plaintiff may rebut a proffered rational basis on the grounds that the rational basis is "objectively false," or by proving the defendant acted with "an improper motive." *Id.* at 946.

As previously addressed, Hillsboro Municipal Court demonstrated a rational basis for the disparate treatment of adult drivers. Additionally, Mr. Ball has failed to present any material facts to challenge Hillsboro Municipal Court's rational basis as objectively false or support that Hillsboro Municipal Court acted with an improper motive.

I conclude as a matter of law that the age restriction has a rational basis and that Mr. Ball has not shown a factual issue concerning pretext. Consequently, I grant Hillsboro Municipal Court's motion for summary judgment on the class-of-one claim as to both counts.

## III.    <u>Liability under § 1983</u>

Again, liberally construing Mr. Ball's complaint, I find he has stated a *Monell* claim for each count. Thus, Mr. Ball alleges that Hillsboro Municipal Court is liable under § 1983 for its unconstitutional municipal custom that led to the deprivation of his Fourteenth Amendment rights. Hillsboro Municipal Court contends that Mr. Ball failed to establish liability because he was not deprived of a constitutional right. I agree with Hillsboro Municipal Court.

Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights. 42 U.S.C. § 1983. A municipality may be held liable under § 1983 if the municipality is alleged to have caused a constitutional tort through a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 (1978).

9 – OPINION AND ORDER

Section 1983 also authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. To establish civil liability, a plaintiff must show deprivation of a constitutional right. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110 (9th Cir. 2001).

My findings above prevent Mr. Ball from satisfying a necessary element of a § 1983 claim. As previously discussed, there is no fundamental right to attend traffic school in lieu of paying a fine.

Thus, summary judgment is granted on both counts under the § 1983 claim.

## CONCLUSION

Because there is no genuine dispute as to any material fact and I find Hillsboro Municipal court is entitled to judgment as a matter of law, I GRANT Hillsboro Municipal Court's motion for summary judgment [19]. The claims against Hillsboro Municipal Court are DISMISSED WITH PREJUDICE.

DATED this   11th   day of March, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge